

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDNA MAE HARRIS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | |
| } | CASE NO.: 2:11-cv-4022-SLB |
| **STEARMAN ENTERPRISES, LLC** } | |
| **d/b/a Popeyes Chicken,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the parties' Joint Motion for Approval of Settlement and for Order of Dismissal with Prejudice. (Doc. 12.)[1] For the reasons stated below, the parties will be directed to file supplemental evidence in support of their Motion in accord with the criteria set forth herein.

## FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1.) Starting in May 2011, plaintiff, Edna Mae Harris, was employed at one of defendant's restaurants as an assistant manager. (*Id.* ¶ 5.) Although plaintiff received a weekly salary of $455 in that position, she claims her duties were no different from non-managerial employees and that she regularly worked over forty hours in a work week. (*Id.* ¶¶ 10-12, 14.) Thus, plaintiff claims she should

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

have been classified as a non-exempt employee under the FLSA and eligible for the mandatory overtime wages for hours worked in excess of forty each week. (*Id.* ¶¶ 15-16.)

Plaintiff initiated this action on November 28, 2011. (Doc. 1.) The Complaint alleges one count of FLSA overtime violations. (*Id.* ¶¶ 10-18.) Among other relief requested, plaintiff seeks payment of her unpaid overtime wages plus the applicable amount of liquidated damages under the statute. (*Id.* at 4.)

On February 6, 2012, the parties filed a Joint Stipulation of Dismissal asking the court to dismiss the case with prejudice. (Doc. 9.) The Joint Stipulation contained no settlement agreement and did not specify that the case was based on an alleged FLSA violation. The same day the Joint Stipulation was filed, the court inadvertently entered an Order dismissing the action with prejudice. (Doc. 10.) Subsequently, on February 8, 2012, the court vacted its earlier Order dismissing the case, reopened the case, and directed the parties to submit a proposed settlement agreement in accord with binding precedent in this Circuit. (Doc. 11.) Then on February 9, 2012, the parties filed a Joint Motion for Approval of Settlement and for Order of Dismissal with Prejudice. (Doc. 12.) The parties' proposed Settlement Agreement was filed as an attachment to the Motion. (Doc. 12-1.) On February 14, 2012, counsel for the parties participated in a telephone conference held by Order of the court, (doc. 13). During the conference, the court informed counsel that it could not adequately scrutinize the proposed settlement for fairness because the document lacks the relevant and necessary information regarding

plaintiff's FLSA claim, including whether the settlement resolves any bonafide dispute concerning plaintiff's coverage under the FLSA and the amount of hours either party contends plaintiff worked and the commensurate amount of wages owed.  Furthermore, the proposed agreement fails to inform the court how plaintiff's attorneys' fees were calculated.

## DISCUSSION

The court finds the parties' proposed settlement does not contain sufficient information to adequately scrutinize it for fairness regarding the amount paid to plaintiff and plaintiff's attorneys' fees.  Although the agreement claims that it constitutes a "complete settlement" of all of plaintiff's claims "inclusive of any wages, damages, attorneys' fees and costs," it does not specify if defendant proposes to pay an undisputed sum based on the allegations or whether the settlement is a compromise in satisfaction of plaintiff's FLSA claims.  (Doc. 12-1 at 3.)  Section 216 of the FLSA holds that an employee **must** be paid wages and overtime plus liquidated damages where applicable:

> Any employer who violates the provisions of section 206 or section 207 of this title ***shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages***.... The court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

*Silva v. Miller*, 307 F. App'x 349, 350-51 (11th Cir. 2009) (per curiam) (alteration in original) (quoting 29 U.S.C. § 216(b)).  Where there is no dispute over the hours worked and amount

owed, the claimant should be paid the full amount plus the applicable liquidated damages: "Any amount due that is not in dispute ***must be paid unequivocally***; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co.*, --- F. Supp. 2d ---, 2011 WL 3568818, at *6 (M.D. Ala. Aug. 15, 2011) (emphasis added).  If the settlement is based on a compromise between each party's assessment of what is owed, then the court must carefully scrutinize it for fairness.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  It has been held that the prerequisites to approval of an FLSA settlement, at a minimum, are (1) evidence showing the total amount of wages allegedly owed to a plaintiff and any difference between this amount and the amount awarded to plaintiff under the settlement, and (2) the amount of attorneys' fees pursuant to the settlement.  *See Longcrier v. HL-A Co.*, No. 08-0011-WS-C, slip op. at 1, 2009 WL 971297, at *1 (S.D. Ala. Apr. 8, 2009).  Regarding attorneys' fees specifically, the Eleventh Circuit has held that the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. Aside from the amounts paid to both plaintiff and her attorneys, the proposed agreement provides the court no factual basis for evaluating the reasonableness of the settlement.

"From the foregoing, then, it is abundantly clear that this Court has a duty to review both the fairness of the proposed back-wage payments to resolve plaintiff['s] FLSA claims and the reasonableness of the agreed-upon legal fees to be paid to plaintiff['s] counsel."

*Longcrier*, 2009 WL 971297, at *2.  The parties are therefore **ORDERED** on or before **February 29, 2012** to submit to the court supplemental evidence providing all relevant factual bases from which plaintiff's settlement award and her attorneys' fees were calculated.  As discussed during the telephone conference, counsel for the parties are further **ORDERED** on or before **February 21, 2012** to submit individually in writing to the court their legal justifications for filing the Joint Stipulation of Dismissal, (doc. 9), without seeking court approval of the settlement of plaintiff's FLSA claim.

    **DONE**, this 16th day of February, 2012.

*/s/ Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE